ALBANY,
August, 1806.

Campbell
v.
Arnold.

</div>

## Campbell *against* Arnold.

THIS was an action of trespass, *quare clausum fregit*. The cause was tried at the *Washington* circuit, the 11th June, 1806. On the trial the plaintiff proved that, in the year 1776 he was in the actual possession of the premises on which the trespass was committed; that the defendant entered on the land in question, and cut down, took and carried away, thirteen pine trees; that at the time of the trespass, one *Archibald* was in possession of the land, as a tenant under the plaintiff, to whose agent he paid rent. The counsel for the defendant moved for a nonsuit, on the ground, that as the plaintiff was not in the actual possession of the premises, which were in the occupation of his tenant, at the time the trespass was committed, he could not maintain the present action. The objection was overruled by the judge, and the jury found a verdict for the plaintiff.

A motion was now made to set aside the verdict for the misdirection of the judge.

*Foot*, for the defendant. The question is whether a landlord can maintain trespass for an injury to the land, while his tenant is in the actual possession of the premises. The tenant or immediate occupier alone can maintain *trespass*; the landlord or reversioner may have his action on the case for the injury done to the reversion, but not trespass.[*] The possession of the plaintiff must be entire and exclusive.[†] A lessor cannot maintain trespass for an injury done to his trees.[‡] All the cases recognise this distinction.

*Crary*, contra. The tenancy here was a tenancy at will, for as it is undefined, it must be presumed to be at will. The cases cited were those where the tenants held leases. To

<div style="text-align: right">

A lessor cannot maintain trespass *quare clausum fregit*, against a stranger for cutting down and carrying away trees, while there is a tenant in possession. This action can be maintained only by the person who has the possession in fact of the land.

[*] 3 *Woodeson*, 193, 194.

[†] 1 *Term*, 430. *Stocks* v. *Booth*.

[‡] 3 *Burrows*, 1556, 1824. *Ld. Raym.* 739. *Glenham* v. *Hanby*.

</div>

ALBANY,
August, 1806.

Campbell
v.
Arnold.

† 6 *Comyns.*
(B) 2 *Rolles,*
551.

‡ *Cro. Charles,*
187.

§ *Woodfall,* 636.
*Cro. Eliz.* 30.

\* 4 *Co.* 62, 63.
In this case
there was a re-
servation of the
trees, by the
lessor.

entitle a person to bring trespass, it is sufficient, if he have the constructive possession. The landlord may determine the estate at will, but if he does nothing to put an end to it, the possession of the tenant is construed to be the possession of the landlord.† The remedy by an action of *waste,* which the landlord has, is by virtue of the statute of *Gloucester.* He has no remedy against a tenant at will for trespass by a stranger. In the case of *West* v. *Freude,*‡ it was decided, that the landlord might have either an action on the case, or *trespass* against a tenant at will, or at sufferance, for spoiling the premises; a *fortiori,* he ought to have an action of trespass against a stranger. A judgment obtained against another for the same injury would be a good plea in bar to this action.§ A lessee has only a special property in the trees growing on the land; and though he might maintain *trespass* for breaking his close, and spoiling his shade, he cannot for the *trees* themselves, for they belong to the landlord or reversioner.\*

*Per curiam.* The rule appears to have been long and well established, that there must be a possession *in fact,* of the real property to which the injury was done, in order to entitle a party to maintain an action of trespass *quare clausum fregit.* A general property, in the case of real estate, is not, as in the case of personal, sufficient to support this action. Admitting the fee of the land to be in the plaintiff, his remedy for an injury to the freehold must be either against his tenant, or against the defendant, in a different form of action. (3 *Woodeson,* 193-4. 3 *Lev.* 209. 6 *Bac. ab.* 566. *new ed.* and cases there cited.) The verdict must, therefore, be set aside, and a new trial granted, with costs to abide the event of the suit.

New trial granted.