## Tobey *against* Webster.

A lessor cannot maintain an action of trespass *quare clausum fregit* against a subtenant at will of the lessee, fortakingdown and carrying away a house erected by him on the demised premises, during the lease.

THIS was an action of trespass *quare clausum fregit*, and for taking and carrying away a house. The cause was tried at the *Greene* circuit, in *June*, 1805, before Mr. Justice *Thompson*.

The premises on which the trespass was alleged to have been committed, were leased, on the 17th *November*, 1802, by the plaintiff, to one *Barber*, for two years. On the 26th *July*, 1803, *Barber* gave a writing to the defendant, granting him permission to occupy and improve the premises, as long as the defendant should remain in his (*Barber's*) employ, and to build an addition to the house of 14 feet square, and keep his cattle in the barn on the premises, free of rent. On the 19th *November*, 1803, *Barber* assigned his lease to one *Coffin*, who reassigned it to the plaintiff, on the 27th *February*, 1804. The house in question was erected by the defendant, with materials cut on the premises, and was taken away on the 16th *February*, 1804, before the reassignment of the lease to the plaintiff. The lease gave a permission to cut timber on the land, for the use of the mill. The defendant was a sawyer employed on the premises; and was employed by *Coffin*, after the assignment of the lease to him by *Barber*.

A verdict was taken for the plaintiff, subject to the opinion of the court, on a case containing the above facts.

*E. Williams*, for the plaintiff. I shall contend that a reversioner may maintain trespass for any injury done to the freehold, during the possession of the termor; and that where things are severed from the freehold and carried away, an action will lie, *de bonis asportatis*.

SPENCER, J. It was expressly decided in the case of *Campbell* v. *Arnold*,* that trespass would not lie by the lessor or owner of the land, while there was a tenant in possession.

* 1 *Johns. Rep.* 511

KENT, Ch. J. I was at first of a different opinion, but on looking into the cases, I was satisfied, that the plaintiff could not maintain an action of trespass, and concurred with the other judges in the opinion delivered. It is unnecessary to argue that point.

*Williams.* Then I shall endeavour to distinguish this case from that of *Campbell* v. *Arnold.* Here the plaintiff was restored to his possession. | A disseisee may maintain trespass after a re-entry, for any intermediate damage done to the freehold, for by his re-entry he is restored to his possession, *ab initio.** | The defendant derived no interest in the premises from the plaintiff. He was a mere tenant at will to *Barber.* He had permission to build a house and occupy it, free of rent; but he had no authority to take it away. The fair inference from the writing given to him by *Barber*, is, that he was to leave the house on the premises. If such be the true interpretation of the agreement, then the defendant had no right to remove the house.† *Barber* clearly had no right to build or remove any building, and could not, therefore, give any such right to the defendant. Again, when the house was pulled down, and severed from the land, the materials belonged to the plaintiff. Though a lessee for years may have an action of trespass against a stranger for cutting down trees ; yet he cannot recover the value of the trees, for they are the property of the reversioner.‡ The materials of which the house was built, did not belong to the defendant, and he had no right to take them away. The pulling down of the house was *waste*, and an injury to the freehold. The defendant was a *tort-feasor*, a wrong doer, and the proper remedy against him is *trespass*, and not trespass on the case. Though the lessee may have trespass against a man who subverts the land, the lessor also may have trespass for the *destruction* committed.§ There is no distinction in this respect between a tenant at will, and a tenant for years. Again, the house was a *fixture*, and so annexed to the freehold, that the defendant could not remove it.¶

* 3 *Bl. Comm.* 210. *Viner, Trespass*, T. 5, 6, 7. *ib.* N.3, 4.

† 1 *Hen. Black.* 259.

‡ 4 *Co.* 62, 63. *Co. Litt.* 57 a.

§ *Viner, Trespass*, N. 3, 4. *Cro. Car.* 187.

¶ 3 *East*, 38.

NEW-YORK,
Nov. 1808.

Tobey
v.
Webster.

*Frazier*, contra. It has been settled that no person out of possession, not even the heir at law, can maintain trespass *quare clausum fregit.** The doctrine cited from *Viner* does not apply to this case, for as the plaintiff was not in possession, there cannot be a *disseisin.* The proper remedy for the plaintiff is an action on the case in the nature of waste. *Barber* had a right to cut trees for the use of the mill; and the defendant had permission to take the timber sawed at the mill, and to build the house. Having erected the house of his own materials, he had a right to remove it during the term, if he could do it without injury to the freehold.† There has been no destruction or waste committed, but the premises are left in the same situation in which they were at the time the lease was given to *Barber*. The defendant cannot be considered as a tenant at will; he was rather a servant or agent under *Barber*, who was a lessee for years.

YATES, J. delivered the opinion of the court. An action of trespass may be maintained by a landlord against a tenant at will, for waste, because the injury determines the estate, and the possession considered as thereby actually in the landlord. The defendant here is an under tenant of a tenant for years; and the alleged trespass was committed before the expiration of the term. (The instrument by which the defendant possessed the premises, made him a tenant at the will of the lessee for years, and not at the will of the original lessor; (and if the lessee for years, his agents, or sub-tenants, did an injury to the freehold, the lessor might have his remedy against him or the person in default, in another form of action) The assignment or surrender of this lease to the original lessor, before the expiration of the term, does not give him a right to sustain this action. I should rather suppose that, by this assignment, having accepted the premises in the state and condition they were at the time of such surrender, he has waived all claim for injuries previously done to the freehold. But it is contended that this assignment and re-entry restores the possession *ab initio*, and gives him a right of

* 6 *Bac. Abr.*
566.

† *Bull. N. P.*
34. 1 *H. Black.*
256. *Lawton* v.
*Salmon, in
notes.*

action. This doctrine only applies in a case of disseisin. The re-entry in such case reduces the possession from the time of the first disseisin, and an action of trespass may be sustained ; but here the possession of the defendant was lawful, founded on the original lease, and no disseisin is pretended. I cannot, therefore, distinguish this case from that of *Campbell* v. *Arnold*, where the court considered the rule as established, that there must be a possession *in fact* of the real property; to which the injury was done, in order to entitle the party to an action of trespass *quare clausum fregit*.

The Court are, therefore, of opinion, that the verdict ought to be set aside, and that a judgment of nonsuit be entered.

VAN NESS, J. having formerly been concerned as counsel in the cause, declined giving any opinion.

Judgment of nonsuit.