White, J.
 

 delivered the following opinion of the Court: —
 

 The plaintiffs allege by their assignment of error that the Circuit Court erred,
 

 1. In instructing the jury that the plaintiffs were dispossessed by the acts of the defendants, and
 

 2. By charging that the plaintiffs could not recover damages before a re-entry.
 

 To enable the plaintiff in an action of trespass upon real property to recover, he ought to have a possession in fact. A legal or constructive possession is not sufficient, according to the principles of the common law. The common law is in force in this State where it is consistent with the nature of our government, and has not been changed by statute. In this case it is- stated that the plaintiffs never were in actual possession. The defendant cleared the ten acre field; he settled on another part of the same tract, and must be considered in the actual possession of all the land within the bounds of the grant and conveyance under which he claims. As there was no other person in actual possession of any part of it, of course he had the actual possession of the ten acre field.
 

 Upon this principle, it is conceived, no error was committed by the Circuit Court. 1 Johns. 511; 3 Johns. 468.
 

 But it has been insisted that a legal or constructive possession was in the plaintiff, who claims under the elder grant; and that such possession is sufficient, as decided in 2 Hay. Rep. 402. A legal or constructive possession cannot exist where there is an actual adverse possession. The moment the defendant took an actual possession under a title adverse to that of the plaintiffs’, their constructive possession ceased. Hence, it is conceived, this case is not like that-decided in North Carolina; but if it were, we are not prepared to say that the doctrine there laid down is correct.
 

 In this case, the plaintiffs ought to have commenced their action of
 
 *187
 
 ejectment, and recovered the possession. Then' they could have maintained their action of trespass, for the mesne profits.
 

 Note. — The dictum in this case, that a legal or constructive possession is not sufficient to sustain an action of trespass on real property, is overruled by Polk
 
 v.
 
 Henderson, 9 Y. 310, and West
 
 v.
 
 Lanier, 9 Hum. 762. —Ed.
 

 The judgment of the Circuit Court ought, therefore, to be affirmed.'