*James Miller v. John A. Fulton and others. [433

Where a tenant is in actual possession of a water grist-mill, and of the lands
adjoining, on a contract indefinite as to time, and on a rent of a portion
of the proceeds of the mill, the landlord can not maintain trespass against
a stranger for destroying the mill-dam.

This was an action of trespass *quare clausum fregit*, for tearing
down the plaintiff's mill-dam, situated on the Scioto river, in the
county of Ross. A verdict was found for the plaintiff, under the
plea of the general issue, in the Supreme Court, and a motion for
a new trial was submitted, and reserved for the decision of this
court. Numerous questions were presented by the record, but the
opinion of this court was limited to the question of the plaintiff's
possession of the *locus in quo;* the statement of facts is, therefore,
confined to the same point.

John Cutright, a witness for the plaintiff, stated that at the
time the trespass was committed, and for several years before, the
complainant was the owner of, and in possession of a small tract
of land, situated on and bounded by the western bank of the Scioto
river, in Ross county, on which tract of land there was a water
mill, a small dwelling house, and a corn house; that no part of
the tract had ever been tilled or cultivated; that some ten or
twelve years previous, a dam had been erected from the mill across
the river, and which abutted against the eastern bank of the river,
on a tract of land formerly owned by one Hough, who also had a
mill supplied from the same dam. The breach in the dam,
for which this suit was brought, was between the east bank and

the center of the river. That for two or three years prior, the plaintiff had repaired the whole dam every spring. That he, the witness, at the time the breach was made in the dam, was running the plaintiff's mill, as his miller, and he and his family occupied the dwelling house and the corn house, situate on the mill tract, near the plaintiff's mill. That he, Cutright, hired hands to assist him in running the mill, and paid them out of the proceeds of the mill. That he provided lights for the mill, and was not bound to grind for the plaintiff more than for other persons. That he had the entire management of the mill, as a miller, to work her; that he had a right to do as he wished with her; he used the tract of 434] land on which the mill stood, or a part thereof, for *pasturage; that he was to retain one-third of the proceeds of the mill for his services, as miller, etc., and give the plaintiff two-thirds; and that no time had been fixed for the termination of the contract between himself and the plaintiff.

Joseph Hawkes also testified that Cutright and one Veal were in possession of the mill, at or about the time of the trespass.

It was admitted that at the time of the trespass, the plaintiff resided in the town of Chillicothe, one or two miles from the mill.

KING, ALLEN, and LEONARD, for the motion.

MURPHY and G. SWAN, against it.

By the COURT:

The evidence in this case proves beyond a doubt that Cutright was a tenant of the plaintiff, and had the possession *in fact* of the premises at the time the trespass complained of was committed. A special contract had been entered into, by which Cutright was bound to pay to the plaintiff two-thirds of the proceeds of the mill. Under this contract, Cutright took actual possession of the mill and its appurtenances, and employed and paid his own laborers, in conducting the business of the mill. The same relation of landlord and tenant existed between Cutright and the plaintiff, as between any other tenant who is bound to yield one-third of the crop, and the owner of the soil.

It is no longer an open question, whether trespass *quare clausum fregit* can be supported by the lessor, for a wrong done by a

stranger, while the tenant has the actual possession. 1 Chitty's Pl. 161; 1 Johns. 511; 3 Serg. & Rawle, 514.

New trial granted.