Me. Chief Justice- Johnson delivered the opinion of the court. The first question raised by the record in this case, is whether the defendant, Dillingham, by his deed of conveyance for the land, also passed to the plaintiff all his interest in the crop of corn then growing upon it. The deed is absolute upon its face and contains no reservation whatever. The authorities are full and clear upon the point that where a party executes an absolute deed in fee of the soil, and without an express reservation of the growing crop, his interest in such crop also passes by such conveyance. A reservation by parol, if permitted to be established in a court of justice, would come directly in conflict with the well settled rule of law which declares that parol evidence is inadmissible to contradict or substantially vary the legal import of a written agreement. Such evidence is not only contrary to the statute of frauds, but to the maxims of the common law. The written‘instrument must be considered as containing the true agreement between the parties, and as furnishing better evidence than any which can be supplied by parol. 1 Phil. Ev. 495. 5 Cowen, 508. The defendant did not attempt to prove any special reservation of his interest in the growing crop either anterior to, or at the time of the execution of the deed, but endeavored to show an acquiescence on the part of the plaintiff in his removal of the corn and thereby to raise an implied contract in respect to the reservation. In this proof he utteriy failed, as the witnesses did not testify to any admission of his right made by the plaintiff, nor to his acquiescence in the acts of the defendant in removing the corn, but on the contrary, that he presented his deed and, under its authority, forbid him to remove it. The court clearly erred in receiving any evidence tending to show a special reservation by Dillingham of his interest in the crop, as he did not think proper to insert it in the deed. If the case stood upon this ground alone it is obvious that the defendants would totally fail in their defence, and consequently that the plaintiff would be entitled to recover damages commensurate to the injury sustained. But there is still another aspect in which it presents itself that, in all probability, will give an entirely different turn. It is conceded that the deed from Dillingham to Gibbons, being absolute upon its face, and without any reservation whatever in respect to the crop then growing upon the land, passed the whole over to Gibbons, and placed him precisely in the place where Dillingham previously stood. The effect of the conveyance therefore was to create the relation of landlord and tenant between Gibbons and Oxendine, the latter of whom had previously rented the premises from Dillingham. The crop was not put in by Dillingham himself and as such transferable in Loto by the legal operation of the deed by which the soil itself was conveyed, but by Oxendine his tenant; and consequently a sale of the land by him could not affect the rights of his tenant, and the most that could be claimed, would be that he should at-torn or account to Gibbons for the proportion of the crop which he stipulated to pay to Dillingham. The legal effect of this whole operation was simply to place Gibbons in the stead of Dillingham in respect to the rent, and as a necessary consequence he could do no more than Dillingham could have done prior to the execution of the deed. Let us suppose then, for the sake of the argument, that before Dillingham parted with his rights, any stranger or other person without legal authority, had entered the close and taken off the corn; could Dillingham, as the owner of the soil and landlord of Oxendine, have maintained trespass guare clausum fregit, for an injury to the crop cultivated by his tenant? We think not. Archbold in the 1st volume of his Nisi Prius at page 299 says, “In the other cases of land, however, where there is landlord and tenant, the tenant, who has the actual occupation of the land, is the only person who can maintain an action of trespass for an injury to it: the landlord cannot maintain any action for it, unless the injury be of a nature to affect the inheritance or reversion, and then his remedy is by action on the case, not an action of trespass.” It is also laid down by Chitty, in the first volume of his work on Pleading at page 176, that a landlord cannot during a subsisting lease, support trespass, but the action of trespass must be in the name of the tenant, or the landlord must proceed in case as a reversioner, unless the injury was committed to trees or other property excepted in the lease, or the trees were carried away, when the latter may support trespass for cutting, injuring or carrying away the same. This doctrine has been fully recognized by the supreme court of New York in the cases of Campbell vs. Arnold, 1 John. Rep. 511. Toby vs. Webster, 3 John. 468, and Van Renssalear vs. Van Renssalear, 9 John. 376. We do not design to intimate that actual possession by the owner of the soil is' essential in order to enable Mm to maintain trespass quare clausum fregit, in case that he is entitled to the possession at the time of the commission of the trespass. The very opposite has been settled by this court in the case of Leadbetter vs. Fitzgerald, (1 Ark. Rep. 450.) It was held in that case that a constructive possession was sufficient for the purpose, and that a party having either actual or constructive possession of the premises, might maintain trespass, the cause of action or injury being founded upon the wrong or force committed upon the land without regard to the title. The plaintiff, at the time of the commission of the trespass, was neither in possession, nor was he entitled to the possession of the premises. True it is, that, by the operation of the deed from Dillingham to the plaintiff, the relation of landlord and tenant was shifted, but not destroyed; and so long as that relation subsisted, it is clear that he had no right to maintain the action. The tenant had the exclusive possession, either actually or by construction of law, during the proper period of the full growth of the crop and until it was gathered and housed, or otherwise disposed of. /The two instructions asked by the plaintiff are substantially the same, and were properly refused by the court. The principle, to the extent that they asserted it, was strictly in accordance with the law, but it was not sufficiently comprehensive to embrace the real merits of the case. That the deed from Dilling-ham to the plaintiff, being absolute upon its face and containing no reservation of the growing crop, passed his entire interest therein to the plaintiff, will not be controverted, yet this, of itself, was not sufficient to warrant a recovery. It was not only necessary that the plaintiff should have had the interest of Dilling-ham, but it was also absolutelyindispensablethatheshouldhave had either the exclusive possession, or at least, the right of immediate possession to enable him to maintain this form of action. The first instruction given by the court was erroneous. It is true that, had no transfer of the soil taken place, Dillingham would have been entitled to the rent, and if not resisted by the tenant, but on the contrary permitted by him to take off his proportion of the crop, it would not have lain in the mouth of any other person to complain of the act. This essential feature in the case was wholly overlooked by the court and consequently the instruction could not apply. The second was also unauthorized; for although it was correct in part, yet it was, in the main, merely abstract. It is true, as asserted, that if Dillingham had sold the land and made a deed to the purchaser, the latter could not take possession nor disturb the lessee in his possession before the expiration of his lease. Thus far it was correct and proper, but the court was not called upon nor authorized to go on and to apprize the plaintiff of his remedy in case that the covenants contained in his deed had been broken. The third and last instruction given was clearly and radically wrong. It was that the deed from Dillingham to Gibbons did not transfer the payment of the rent by Oxendine to Gibbons. The deed being absolute and without any reservation whatever, necessarily passed any interest that Dillingham had in the crop to Gibbon^, and as a necessary consequence Gibbons having the right could maintain an action for it. The circuit court, therefore, it will be conceded, erred in its instructions to the jury, yet we think that as the plaintiff wholly failed to show himself entitled to maintain the suit, the judgment ought not to be reversed. The .judgment upon the facts and the law of the whole case is right, and will therefore be permitted to stand. The judgment of the circuit court of Washington county herein rendered is in all things affirmed. Walkee, J., did not sit.