Curia.

Both parties in this cause claim under B. Parsons, as holding in right of his wife; and the only questions which have been submitted to our consideration arise on the comparison of their respective titles under Parsons, and on the form of the present action.
As to the title, it is clear that the term for years, given to Mrs. Parsons by the will of her former husband, was merged, as to one third, in the estate for life given to her,' in the same will, in one third of the premises; or perhaps it may be more properly said that the term, as to one third of the premises, never legally existed; because she had, by the same conveyance, a freehold estate in that third ; and she could not enter to take possession of the term, without being immediately seised of her estate for life.. The term was not to endure absolutely until the year 1823; but if the life estate should expire, the term would expire with it.
The levy of the defendant’s execution, being made in the manner prescribed by law for taking real estate, is good as far as it applies to the estate for life, and gives a good title to the defendant in one half of that estate — that is, in one sixth part of the premises, for the joint lives of Parsons and his wife, (a) The lease made by Parsons to the plaintiff, being prior in date to the attachment and execution of the defendant, would have defeated them, if the lease had been duly acknowledged and recorded. But not having been recorded, it is clearly ineffectual as against the attachment made by the defendant. Although the term granted was less than seven years, yet the lease was to endure “ for more than seven years from the making thereof.” It comes within the words, as well as within the manifest intent, of the statute. (b)
As to the remaining two sixths of the premises, which were taken on the same execution, the question is, whether * the estate of Parsons was a real estate, or a chattel, within the true intent of our statute prescribing the manner of extending executions.
If this had been a new question, the argument on the part of the defendant would have demanded a more deliberate consideration *396 But it may be considered as settled by uniform practice, as well as by the judicial construction of the like words in other statutes. In the statute of 1783, c. 32, for the conveyance of real estates by executors, &c., the words “ real estate,” and “ houses, lands, or tenements,” seem to be used indiscriminately, in describing what may be sold, by executors or guardians, under a license or order of court; and on the petition of Gay. Adm., (5 Mass. Rep. 419.) it was decided that a term for 999 years was a chattel, which the administrator might sell without any such license, (a) . If long terms for years were more frequent among us, the legislature might, perhaps, have thought it proper to provide expressly for them, in the two statutes referred to. But as they are extremely rare, they seem to have been left on the footing of all other chattels; and when taken on execution, they have always been sold as chattels.
This practical construction of the statute is perfectly consistent with the language which distinguishes between real estate, on the one hand, and goods and chattels, on the other; and if the construction, contended for by the defendant, were even more plausible than it is, we should not willingly overturn a practice which is certainly not inconsistent with the apparent intent of the legislature. The defendant, therefore, has no title to these two sixth parts of the premises.
As to the remedy, if the plaintiff cannot prevail in this action, he must resort to an action of account, or assumpsit for money had and received to his use. This action of ejectment is better adapted to try the rights of the parties, and more consistent with the nature and circumstances of the case, than either of the others. The question may be * considered in the same view as if the plaintiff had never owned nor claimed more than a moiety of the premises. The defendant, with his execution, took the whole of that moiety, claiming it adversely to the plaintiff, and denying the plaintiff’s right to any part of it. His acknowledgment of the plaintiff’s right to the other moiety is no more than if he had admitted the right to be in any other person. The defendant, as to that, was a mere stranger ; and it made no difference, as to his claim, whether the plaintiff or any one else claimed the residue.
If the parties had gone on in that way for twenty years, eacfl receiving one half of the rents, such an adverse possession would have barred any right of entry in the plaintiff, as to the moiety which was held and claimed by the defendant. If so, if shows that the ouster was complete when the defendant first entered; as, *397 otherwise, the adverse possession would not have continued for the whole of the twenty years, (a) The defendant entered, not only claiming the whole of this moiety, but claiming it under a statute conveyance, and he was put into possession, accordingly, by the sheriff. It differs, in this respect, from an entry by an heir, who is entitled, for example, to one sixth,'and merely declares that he claims a moiety
On the whole, the plaintiff is clearly entitled to all but one sixth of the premises; and the action which he has brought is as convenient to both parties, and more appropriate to the case, than either of the others that have been mentioned. He must have judgment for his term of and in five undivided sixth parts of the premises, and for his costs.

.) Roberts vs. Whitney, 16 Mass. Rep. 186. — Barber vs. Root, 10 Mass. Rep. 260.

 Rawlin vs Turner, 12 Mod. 610, 2 Ld. R. 736. — Balter vs. Reynold,, ib. cit. Bul N. P. 177. — Rylef vs. Hicks, 1 Str. 651.

 Montague & Al. vs. Smith, 13 Mass. Rep. 396.

 Cummings vs. Wyman, 10 Mass. Rep. 464, 3d ed., cases cited in note.