## DOROTHY WENDELL *vs.* DARIUS BLANCHARD *et a.*

Possession of land is evidence of title to be left to a jury.
A disseisin, which disables the disseisee to maintain trespass for acts done upon the land after the disseisin until he re-enters, must be an actual dispossession and holding out of the disseisee.

TRESPASS *quare clausum fregit.* The declaration alleged, that the defendants on the first day of November, 1819, and on divers other days between that day and the first day of June, 1820, broke and entered the plaintiff's close in Springfield, in this county, and cut trees, &c.

The cause was tried here at October term, 1821, upon the general issue, when it appeared in evidence, that *John Wendell,* from whom the plaintiff derived her title in 1802, caused the lot, in which the trespass was alleged to be done, to be surveyed ; and the plaintiff in 1816, by a memorandum in writing, leased a part of the same lot. It also appeared, that the said *John Wendell* was the lawful owner of several proprietors' shares in said town of Springfield.

On the part of the defendants, it was proved, that in 1815 one *Powars* entered into the said lot, and made maple sugar upon it in the winters of 1816, 1817, 1818 and 1819 ; and that the defendants entered under *Powars* and cut the trees. It also appeared, that the lot was wild and uncultivated.

The court instructed the jury, that the entry and survey of the lot in 1802 by *John Wendell,* were evidence of title sufficient to enable the plaintiff to maintain the action, unless rebutted by better evidence of title on the part of the defend-

ants. That as the defendants had offered no evidence of a title except the entry of *Powars* in 1815 ; and as that was after the entry by *John Wendell*, it could not be deemed better evidence of title than that offered by the plaintiff ; that the plaintiff having proved a prior possession, must be considered as having made out a title to the land against these defendants.

The court also instructed the jury, that as the lot was wild and uncultivated, and as *Powars* entered only to make sugar, he could not be considered as having a possession that would preclude the plaintiff from maintaining this action.

The jury having returned a verdict for the plaintiff, the defendants moved the court to grant a new trial, on the ground that the jury had been misdirected by the court.

*Upham*, for the plaintiff.

*J. H. Hubbard*, for the defendants.

RICHARDSON, C. J. It has been contended in this case, that the entry of *John Wendell* upon the land in 1802, was not proper evidence to have been left to the jury in support of the plaintiff's title ; but it is well settled, that he who is in possession of land has a right to retain the possession against all who can shew no better title. Hence, possession has always been held sufficient evidence of title to enable him in possession to maintain trespass against every body who can shew no title ; and hence it has always been held, that possession by one twenty years ago is better evidence of title than possession by another five years ago, unless it be shewn that the first possession was abandoned. The law of the case *Wickham vs. Freeman*,(1) is very questionable, and seems not to have been well considered. The lease of the land by the plaintiff in that case was certainly evidence of title, and so was the possession of his tenant ; and why the plaintiff should not have recovered for the trespass done, after the tenant left the land, is not very easily comprehended. The court do not seem to have adverted to the circumstance, that possession is evidence of title.

(1) 12 John. 183.

It has also been contended in this case, that by the entry of *Powars* the plaintiff was disseized, and so can maintain no action of trespass until she re-enters; and it is true, that at common law a disseisee could not maintain trespass for any act done after the disseisin, until a re-entry. *Cro. Eliz.* 540, *Holcomb vs. Rawlyns.*—1 *Chitt. Pl.* 177.

But every entry and trespass upon land does not amount to such a disseisin as will have this operation. It is manifest, that it must be a disseisin by which the dissciser not only gains possession, but actually puts the disscisee out of possession. 6 *John.* 197, *Smith vs. Burtis.*—1 *Burr.* 108, *Atkins vs. Horde.*

In this case, *Powars* entered upon the land, but it does not appear that he turned or held the plaintiff out of possession. He probably did enough to make himself a disseiser at the plaintiff's election, but did not actually disseize her. We are therefore of opinion, that the plaintiff is entitled to

*Judgment on the verdict.*