## Abigail Dearborn, a minor, &c. *versus* J. L. Eastman *et a.*

If an infant make a conveyance, *in pais*, of his lands in any other manner than by a feoffment, an entry into the land by the grantee, may be treated by the infant as a trespass, without any entry on his part to avoid the conveyance.

A feoffment by an infant is only voidable, but all other conveyances, *in pais*, are void, or voidable, at his election.

This was an action of trespass, for breaking and entering the plaintiff's close in Bartlett, in this county, it being the homestead of the late Nathan Dearborn, deceased, containing fifty acres, and taking down and carrying away a barn on the 16th July, 1822.

This action was commenced upon 18th February 1824, and was tried here upon the general issue, at November term, 1827, when it appeared in evidence, that one Nathan Dearborn, about the year 1790, entered into the land described in the plaintiff's declaration, afterwards built the barn in question, and continued in possession of the same until 1816, or 1817, when he died intestate, leaving a widow, and the plaintiff, his only child and sole heir at law, who was born July 19, 1801. After the death of the said Nathan, his said widow and daughter continued to live in the house on the premises, and the land was improved under the care and management of the said widow until the 4th May, 1820, when the said widow and the plaintiff, by their deed of that date, conveyed the said fifty acres of land to one David Wooddis, with warranty.

The said Wooddis, about the same time, caused to be run out about forty-eight acres of the said land, into which the said Wooddis immediately entered, and has continued in the actual and peaceable possession of the same ever since. The said widow and the plaintiff have continued to reside in the house, which is upon the two acres not run out by Wooddis as aforesaid, and have

cultivated about three fourths of an acre of the land adjoining the house, being a part of the said two acres.

The defendants entered and took down the barn, which stood upon the said forty eight acres, under Wooddis, and as his servants.

Upon this evidence, a verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Woodbury* and *Cutler*, for the defendant, contended, that the deed of the infant was not void, but voidable and that she could maintain no action of trespass until the deed was avoided by an entry.

*Bell*, for the plaintiff, contended, that the plaintiff might consider her deed as void, and without operation, and that no entry was necessary to enable her to maintain the action.

Richardson, C. J. delivered the opinion of the court.

The question to be decided in this case, is, whether the plaintiff, at the time the act of which she complains was done, had such a possession of the *locus in quo*, that she can maintain this action? This depends entirely upon the effect and operation of her own deed. When she made that deed, and when the act of which she complains, was done, she was an infant, under the age of twenty one years; and if, by reason of her infancy, she had a right to elect to consider her deed as void and wholly without effect, then she might lawfully consider Wooddis as a disseizor, and bring a writ of entry, or as a trespasser, and bring this action at her election. 2 N. H. Rep. 456, *Wendell* v. *Blanchard*. But if her deed worked a transmutation of the possession at all events, so that an entry, or some other act, on her part, was necessary to revest the possessary title, then this action cannot be maintained. For it does not appear, that any entry had been made or other act done to revest the possession before the commencement of this action.

In general, where an infant has entered into an exec-

utory contract, unless it be a contract for necessaries, he has his election to consider it as void, and refuse to execute it, or to consider it as only voidable, and ratify and confirm it upon his arrival at the age of twenty one years. 1 Johns. Cases, 127, *Conroe* v. *Birdsall;* 1 Greenl. 11, *Hubbard* v. *Cummings.*

With respect to executed contracts of infants, it seems, they are sometimes only voidable, and sometimes void or voidable at the election of the infant, like executory contracts.

Thus it is said, that if an infant sell a horse, or other chattel, and deliver the same with his own hand, the contract cannot be considered absolutely void so as to subject the purchaser to an action of trespass for the taking of the same, although the contract may be rescinded. Perkins, sec. 13 ; 1 Mod. Rep. 137.

But if an infant sell a chattel and do not deliver it with his own hand, he may consider the contract as void and the purchaser a trespasser, if he take it. Perkins, sec. 14.

If an infant make a feoffment, he cannot bring trespass before he has avoided the feoffment by an entry. Bing. on Infancy, 60 ; 3 Burr. 1808 ; 8 Coke, 84.

A feoffment by an infant, cannot be considered by him as void or voidable at his election. It is voidable only.

But all other conveyances, *in pais*, by an infant, stand on the same ground as executory contracts, and may be considered and treated by the infant as void or voidable at his election. Bing. on Infancy, 62 ; Shep. Touch. 232.

We are, therefore, of opinion, that the plaintiff had a clear right in this case, to consider her deed as void and the defendants as trespassers, and there must be

*Judgment for the plaintiff.*