## LEVI ANDERSON et a. *vs.* THOMAS NESMITH et a.

Lessor for years cannot maintain trespass *quare clausum fregit* for an entry
upon the land during the term, and while it is in possession of the lessee.

THIS was an action of trespass, for breaking and entering
the close of the plaintiffs in Windham, and carrying away
a bark mill.

The cause was tried upon the general issue,—when it
appeared in evidence that one David Campbell, being seized
of the *locus in quo*, on the 12th of April, 1830, conveyed
the same to the plaintiffs, and that on the 15th of April,
1831, the defendants entered and removed a hopper belong-
ing to a bark mill on the premises.

On the part of the defendants, it appeared that the plain-
tiff, on the 29th of October, 1830, by deed, demised the
*locus in quo* to John Page, for the term of five years from
the 1st of April, 1831—and that on the said first day of
April the said Page entered and took possession, and has
ever since continued in possession.

But it further appeared, on the part of the plaintiffs, that
at the time of the entering of the defendants, an agent of
the plaintiffs was upon the land, and told the defendants
not to meddle with the property.

A verdict was taken for the plaintiffs, by consent, subject
to the opinion of the court upon the above case.

*Betton* and *Bartlett*, for the plaintiffs.

*Porter* and *McGaw*, for the defendants.

GREEN, J. delivered the opinion of the court. It being
admitted in this case that the article, for the taking of which
this suit is brought, was a part of the realty, and passed as

Anderson et a.
vs.
Nesmith et a.

such to John Page, the plaintiff's lessee, the only question for decision is, whether a lessor for years can maintain trespass *quare clausum fregit* against a stranger, who does an injury to the estate while the lessee is in the actual possession, occupying under the lease.

It is said by all the authorities, that the gist of the action of trespass *quare clausum fregit,* is the being disturbed in the possession of the property; and this of itself would seem to imply that no person but he who has the actual possession can be entitled to such action; but the authorities are uniformly to the same effect.

It is said in *5 Bac. Abr.* 160 " Only the person who " has the possession in fact of real property to which an " injury has been done, can maintain an action of trespass " for the injury, because the gist of an action of trespass for " an injury to either real or personal property, is the being " disturbed in the possession of the property, and the having " the general property does not, in the case of real property, " as it does in the case of personal, draw to it a possession " in fact."

This is in substance repeated in all the authorities on the subject; and it is believed that no instance can be found in any law book, where a lessor has maintained that action under such circumstances as exist in this case. 1 *Chitty's Pl.* 175; *5 East* 485—487; 3 *Wilson* 292.

The question under consideration has never, to our recollection, been discussed in this court until the present action, for the reason, as is supposed, that the understanding of the court and bar has uniformly been, that trespass *quare clausum* could not be sustained, but that an action on the case was the proper and only remedy.

This view of the law in relation to this case accords with a decision of the Supreme Court of New-York, made in 1806, in a more doubtful case than the present. The action was trespass *quare clausum,* and brought by the lessor for an injury done to his land while in the possession of a tenant

at will; and it was expressly decided that case and not tres- <span>Anderson et a.</span><br><span>*vs.*</span><br>pass was the proper remedy—on the ground that possession <span>Nesmith et a.</span> in fact of real property was indispensable to maintain an action *quare clausum fregit.* 1 *John.* 511.

The decision was referred to in a subsequent case, when Kent, C. J. stated, that he had doubts, when the question first arose, but had fully adopted the opinion of the rest of the court. 3 *John.* 468.

But the counsel for the plaintiffs has referred us to the case, *Starr et al.* vs. *Jackson,* 11 *Mass. R.* 519, as opposing the views we have hitherto entertained, and directly militating with the foregoing decision in New-York; and from an examination of those cases we perceive an entire difference of opinion in the two courts on precisely the same question.

It may here be proper to remark, that the two cases referred to differ from the one before us in the particular, that in those cases the tenancy was only at the will of the plaintiff, whereas in the case for decision the tenancy was for five years, under a written lease from the plaintiff. With that distinction in view, it is unnecessary for our purpose in this case to adopt the opinion of either of those courts on the particular point on which their decision was had. If, however, the decision of the court in New-York is the correct one, it would seem to be conclusive of the present case, as it must be admitted, that if a lessor cannot maintain trespass while his tenant at will is in possession of the land, a lessor whose tenant is in the actual occupancy of the land, under a lease for years, surely cannot be entitled to such action.

In examining the case decided in Massachusetts, we are not aware that the general principle, that actual possession is necessary to maintain trespass *qua. clau.* is contraverted; but the opinion seems founded on the conclusion that the possession of a tenant at will is the possession of the landlord. The court in that case, speaking of the right of a

Anderson et a.
*vs.*
Nesmith et a.

lessor to maintain trespass, say : " Perhaps some difficulty " would exist technically in case of a trespass committed " upon soil while in the actual possession of a lessee for " years, because the lessor has not the right of entry, and " therefore it may not be considered as his close which was " broken and entered ; but where the occupant has only an " estate at will, which may at any moment be terminated, " and where the injury is of a sort to determine the estate, " the very thing being destroyed which was the subject of " it, it partakes too much of refinement to say that the close " broken is not the close of the owner of the freehold, and " that the injury done is not a trespass on his property."

Upon the whole, we have been unable to reconcile the right of a lessor for years to sustain trespass while his lessee is in possession with the principle that actual possession is necessary to maintain such action. During the time the lessee for years is in possession, the lessor has no right of entry, and he is liable for trespasses on the land in the same manner as any other person. The possession of a tenant, it is true is, for some purposes, deemed the possession of the landlord ; but in a case requiring the actual possession of the plaintiff to support his suit, it would partake too much of inconsistency to say that the possession of a tenant for years is the possession of his landlord, when at the same time the landlord would subject himself to an action of trespass by an entry upon the land without permission from the tenant.

The plaintiffs could not acquire any right to this action by having an agent on the premises at the time, who forbid the defendants taking away the article. It does not appear that he had any right to be there.

*Verdict set aside and plaintiffs nonsuit.*