## ROBERTSON and a. *vs.* GEORGE.

THE general rule is, that a landlord cannot maintain trespass for an entry upon land while in the occupation of a tenant.

Whether he may do so where the entry is accompanied by a permanent injury to the freehold, *quere?*

But the owner of land may maintain trespass for an entry upon it while in the occupation of his servant.

And where an individual is in the occupation of land, which is owned by another, and the terms of the contract under which he entered do not distinctly appear, it must be submitted to the jury, to find from all the circumstances of the case, whether such person occupied as tenant or as servant of the owner.

TRESPASS, for breaking and entering the plaintiffs' close, and carrying away certain hay, rye, &c.

The defendant pleaded the general issue, and filed a brief statement, setting forth that, being a deputy sheriff, and having an execution against one Andrew Robertson, who was then in the occupation of said close, he entered and took the goods, which were the property of said Andrew.

The action was tried in the common pleas, February term, 1834, when it appeared that the plaintiffs had a title to the close in question, and that at the time of the alleged trespass, said Andrew Robertson, who was the father of the plaintiffs, was in the actual occupation of it; and there was

evidence that the plaintiffs had said that they had agreed <span style="float:right">Robertson et a.<br>vs.<br>George.</span> to let their said father live upon the farm, and, as the witness understood, he was to have his living upon it, and nothing more. No lease was produced.

The defendant objected, that there was not sufficient evidence of possession in the plaintiffs to enable them to maintain this action; and the court having thus instructed the jury, the plaintiffs moved for a new trial.

*J. Harris*, for the defendant, cited *Bac. Abr. Trespass C.* 3; 1 *Chitty's Pl.* 176; 2 *Phil. Ev.* 132; 1 *Johns. Rep.* 511, *Campbell* vs. *Arnold*; 9 *Johns.* 61, *Stuyvesant* vs. *Tompkins*; 11 *Johns.* 569, *S. C. in error*; 3 *Stark. Ev.* 1436; 3 *Johns. Rep.* 468, *Tobey* vs. *Webster*; 12 *Johns.* 183, *Wickham* vs. *Freeman*; 8 *Mass.* 415, *Taylor* vs. *Townsend*; 3 *Greenleaf's Rep.* 6, *Little* vs. *Palister*; 3 *Levinz* 209, *Bedingfield* vs. *Onslow*.

*I. Bartlett*, for the plaintiff.]

PARKER, J. The authorities cited by the counsel for the defendant show the general rule to be, that the landlord cannot maintain trespass for an entry upon land while in the occupation of a tenant.

In *Starr* vs. *Jackson*, 11 *Mass. Rep.* 521, this doctrine is controverted, but in that case there was an injury to the estate of a permanent nature, which was considered as a direct and immediate injury to the owner.

Whether such form of action is in fact proper, even where an injury of a permanent character has been done, it is not material now to enquire. 3 *Green.* 6, *Little* vs. *Palister*.

There is no pretence of any such injury in this case; and if it had been found that Andrew Robertson was at the time legally a tenant of the plaintiffs, it would have been a sufficient defence to this action.

But the evidence as stated does not show this conclusively.

Robertson et a.
*vs.*
George.

If the plaintiffs, for the purpose of assisting their father, permitted him to occupy the farm, and take the produce to himself, he would then have been, at least, tenant at will; and although such tenancy might have been terminated at the pleasure of the plaintiffs, so long as it existed they could not maintain this action.

But if, on the other hand, for the purpose of aiding their parent, they permitted him to occupy and labor upon the farm, under an agreement that he should take from the produce what might be necessary for the support of himself and family, so long as he was there, and nothing more, the produce belonging to the plaintiffs, and they taking the residue, the father in such case would be, legally, the servant of the plaintiffs, laboring upon their land, and receiving his support, from time to time, as the wages of his service; and his possession would in that case be the possession of the plaintiffs.

In such case, the father would have no right to the produce beyond what was appropriated to his use, from time to time, nor until it was so appropriated; and if the plaintiffs saw fit to turn him from the possession, he would have no claim to emblements.

In which of these characters Andrew Robertson stood, does not appear. That is a fact to be found by the jury, upon consideration of all the facts proved. 1 *Stark. Ev.* 408, 410. And as this question was not submitted to them, there must be a

*New trial.*