## ICHABOD BARTLETT vs. ISAIAH PERKINS.

An action of trespass *quare clausum*, for cutting grass, can be maintained only by the tenant in possession.

In an action of trespass *quare clausum*, for taking away the annual profits of the land, an amendment of the declaration by adding a count for an usurpation of the fee will not be permitted.

Where an execution creditor levies upon land, of which the debtor is in possession, he thereby acquires a seizin, although defeasible, if the land belong to another.

THIS was an action of *trespass quare clausum*, for cutting and carrying away the plaintiff's grass during the months of *July* and *August*, 1835. The general issue was pleaded and joined, and a brief statement filed of soil and freehold in the defendant, and that the plaintiff was not in possession; and a replication was made, that the soil and freehold were in the plaintiff. The trial was had before *Emery J.* The plaintiff's counsel read in evidence a deed from one *E. G. Woodman* to him, dated *May* 2d, 1829, and proved, that the defendant admitted, that he cut about three tons of hay on the premises at the time mentioned in the declaration. But the plaintiff's witness also proved, that *E. G. Woodman* had always lived there, and stated, that he never knew any act of ownership by the plaintiff. The plaintiff's counsel then read in evidence an execution and levy upon the premises in favor of the defendant against said *E. G. Woodman,* dated *October* 20, 1834, and contended that the said *Woodman* thereby became only tenant at sufferance.

The defendant's counsel moved for a nonsuit, but the Judge declined to order it.

The counsel for the defendant then insisted on his levy read by the plaintiff, and proved, that said *Woodman* had always lived on the premises and had taken the rents and profits, as before his deed to the plaintiff; and that the plaintiff lived at a distance and paid no attention to the property. The defendant offered evidence tending to show the plaintiff's deed to be fraudulent as to creditors ; and the plaintiff also introduced opposing testimony.

The Judge instructed the jury, that this action could not be maintained ; but directed them to answer several interrogatories,

some of them relating to the question, whether the deed was or was not fraudulent, and others relating to the possession of *Woodman*. The answers with regard to the title showed, that in their opinion *Woodman's* conveyance to the plaintiff was not fraudulent. With respect to the possession, the questions and answers were as follows. " Was the said *Woodman* tenant at will of the said *Bartlett* of the premises described in the plaintiff's declaration, or only tenant from year to year, at the time of the alleged trespass?" Answer. Tenant at will.

" Has the said *Woodman* continued in the actual possession of the described premises ever since the giving of the deed, *May* 2d, 1829, up to the present time, or for what length of time had he such possession ? Answer. He was in actual possession up to the time of the levy of the execution. Was the said *Woodman* in possession of the property at the time of the alleged trespass. Answer. No."

If the action could be maintained, on the case reported by the Judge, the verdict, which was for the defendant, was to be set aside ; otherwise judgment to be rendered thereon.

The counsel for the plaintiff submitted the case on their briefs ; and the counsel for the defendant submitted without argument.

*J. C. Woodman*, for the plaintiff, cited *Starr* v. *Jackson*, 11 *Mass. R.* 519 ; *Little* v. *Palister*, 3 *Greenl.* 6 ; *Campbell* v. *Procter*, 6 *Greenl.* 12 ; *Cruise's Dig. Title Estates at will, Vol.* 1, 282 ; *Ellis* v. *Paige*, 2 *Pick.* 71, in the note ; *Same case*, 1 *Pick.* 47 ; *Bartlet* v. *Harlow*, 12 *Pick.* 348 ; *Varnum* v. *Abbott, ibid.* 474 ; *Baldwin* v. *Whiting*, 3 *Mass. R.* 61 ; *Emerson* v. *Thompson*, 2 *Pick.* 473.

*Deblois*, on the same side, cited in addition, *Prop. Ken. Purchase* v. *Call*, 1 *Mass. R.* 483 ; *Same* v. *Springer*, 4 *do.*, 416 ; *Bott* v. *Burnell*, 9 *do.*, 96 ; *Same* v. *Same*, 11 *do.*, 163 ; *Gore* v. *Brazer*, 3 *do.*, 539.

*Dunn*, for the defendant.

The action was continued, *nisi*, and the opinion of the Court prepared by

WESTON C. J.— From the evidence reported, and the finding of the jury, there can be no doubt the land in controversy, is the

property of the plaintiff; and if he had brought a writ of entry to recover possession, he would have been entitled to a verdict and judgment in his favor. From the nature of the remedy, he has thought proper to pursue, for an injury like that alleged in the declaration, it can be maintained only by the tenant in possession. It is urged that the plaintiff, as the lessor, might sustain an action against the defendant for his levy, as an usurpation of the fee; but that is not charged in the declaration; and it cannot be inserted by way of amendment, being for a a new cause of action. This suit is for cutting the grass upon the land, the year following the levy. In *Campbell* v. *Procter*, 6 *Greenl.* 12, the late Chief Justice permitted a count to be added to the plaintiff's declaration, charging an usurpation of the fee. The amendment was objected to, as a new cause of action. As however the case went off upon another point, no decision was had upon the correctness of the amendment. That action was for a trespass, *quare clausum*, in entering to make the levy, and the same act was charged in the amended count, as an usurpation of the fee. This is for an alleged trespass upon the land several months after the levy.

The levy by the defendant was either a nullity, or it put him in the seizin, although not by right, of at least a freehold. If a nullity, because the judgment debtor had no estate, upon which a levy could be made, it left the lessor and the lessee as they were before. The case does not find that the lessee, *Woodman*, did any act inconsistent with his duty, when the levy was made, by which his tenancy at will would be determined. In *Campbell* v. *Procter*, the tenant, instead of notifying the execution creditor that he was but a tenant at will, pointed out the land he so held, to be levied on as his property, and was otherwise active in aiding the levy. This was very properly held such a desertion of duty, as determined his tenancy. An estate for years does not pass to the execution creditor by a levy, much less a tenancy at will. *Chapman* v. *Gray*, 15 *Mass. R.* 439.

The evidence is, that *Woodman*, the tenant, continued in possession of the land, receiving the profits to his own use as before, after the date of his deed to the plaintiff in 1829, and that the

plaintiff never was in the actual possession of any part of it. The jury have found that *Woodman* was tenant at will at the time of the trespass.   And this of itself would defeat the plaintiff's action.   *Little* v. *Palister, 6 Greenl. 6.*   Another part of their finding, hardly consistent with this is, that he had actual possession up to the time of the levy, but not at the time of the tresspass.   They probably intended to find, that his possession was divested by the levy.

But the better opinion seems to be, from the authorities, that where an execution creditor levies upon land, of which his debtor is in possession, he thereby acquires a seizin, although defeasable, if the land belongs to another.   *Chapman* v. *Gray,* before cited.   *Gookin* v. *Whittieer,* 4 *Greenl.* 16; *Allen* v. *Thayer,* 17 *Mass. R.* 299.   Upon this view of the case, the plaintiff was disseised by the levy, and could not prosecute an action for any act of the disseisor subsequent to the levy, until he had entered, or recovered judgment for the land.   And upon the whole case, the opinion of the court is, that the plaintiff had not such a possession, as would enable him to maintain this action.

*Judgment on the verdict.*