## BLAISDELL *vs.* MARTIN and a.

Where a party is in possession of land without any claim of title, and surrenders the possession, assenting that another may enter, and occupy as he had done, he cannot afterwards maintain a writ of entry founded on his prior possession.

And the character of his possession, and the abandonment of it, may be shown by parol evidence.

WRIT OF ENTRY, to recover seizin and possession of a tract of land, situate in Canaan. Plea, the general issue. It appeared in evidence that the demandant had been in possession of the demanded premises about twelve or fifteen years prior to 1830, or 1831, and that in one of those years he sold, and conveyed by deed, to one Gordon Burley, a lot of land adjoining the demanded premises. The tenants offered evidence that at the time said Burley made said purchase, he requested the demandant to give him a deed of the land now in controversy ; but the demandant said he had no title to it but by possession, but would give him the same title which he, the demandant, had.

Said Burley, at the time of the purchase, went into possession of the demanded premises, and retained the same until 1834, when he sold and conveyed the land purchased of the demandant, as aforesaid, to the tenants, who have, since said purchase, been in possession of the demanded premises, by leave and consent of said Burley.

The demandant objected to the above testimony relating to the relinquishment of his interest in the demanded premises, on the ground that it was a mere parol agreement, made without consideration, and insufficient in law to pass an interest in land, such as was claimed by him.

The court ruled that the testimony was inadmissible—whereupon a verdict was taken for the demandant, and the tenants moved for a new trial.

*Quincy,* for the tenants. The evidence was offered to disprove the demandant's seizin. The demandant, it appears, did not claim adversely to the true owner. 10 *Mass.* 403, *Commonwealth* vs. *Dudley;* 4 *Mass.* 416, *Proprs. of Kennebeck Purchase* vs. *Springer;* 15 *Mass.* 213, *Goodwin* vs. *Hubbard;* 13 *Mass.* 489, *Wellington* vs. *Gale;* 15 *Mass.* 499, *Small* vs. *Procter.*

A disseizin may be purged by an abandonment of the possession.

*E. Blaisdell,* for the demandant, contended that ownership may be acquired by possession; and here priority of possession is found in the demandant.

By the statute, no contract for the transfer of real estate is valid unless it is in writing. He cited 2 *Saund.* 111, *Allen* vs. *Rivington;* Cro. *Eliz.* 347; 4 *Taunt.* 547, *Catteris* vs. *Cowper;* 14 *Pick.* 302, *First Parish in Shrewsbury* vs. *Smith.*

PARKER, C. J. The demandant objects to the introduction of parol evidence to show that he relinquished his inter-

est in the premises ; but the evidence on which his action is attempted to be supported is parol evidence merely. He rests his claim entirely on possession. The character of that possession may, of course, be enquired into by evidence of the same nature with that introduced to establish it.

Possession, of itself, does not constitute a title, nor is it necessarily evidence of title. " Possession of itself evidences ' only present occupancy by right ; because the law will not ' presume a wrong. But such a possession, it is to be re- ' membered, is as consistent with an estate for life, or years, ' as in fee. The quality and extent, therefore, of the inter- ' est of the party in possession may be deduced from collate- ' ral circumstances. For this purpose both the acts and dec- ' larations of the party, while in possession, may be proper ' evidence ; and he will not be presumed to have a higher ' title than he claims." *Stearns on Real Actions* 38.

It became important to ascertain the character of the de- mandant's possession, in connexion with the subsequent proceedings ; and the evidence offered by the tenants was, in the first place, to show that the demandant held under no claim of title, and made no such claim ; but that he ad- mitted he had no right to remain, except from the mere fact that he was in possession. This might not have availed, as a sufficient defence, had the evidence stopped here. The fact that the demandant was in possession without making claim of title, would not have authorized the tenants to enter upon him, and turn him out, without showing a better right. 4 *Taunt.* 547, *Catteris* vs. *Cowper.* But the testi- mony proceeded to show that the demandant, being in pos- session under such circumstances, voluntarily relinquished the possession to Burley, upon a sale of lands adjoining the premises ; and that Burley, upon a like sale, permitted the tenants to enter. They are, therefore, in possession with the assent of the demandant, he having given up the pos- session to Burley, from whom they received it.

If this be so, what right has the demandant to resume the

possession? If he had no title—and he shows none—his surrender of the possession to Burley put an end to any claim he might have to maintain that possession. And no deed or writing was necessary for such purpose. It is not to be regarded as a transfer of an interest in lands, but as a relinquishment of a mere occupation, and permitting another to enter, which may well be proved by parol evidence.

It has been held that an incorporeal right acquired by mere use and occupancy may be lost by abandonment. 3 *Barn. & Cres.* 332, *Moore* vs. *Rawson.* If a right of that character, when acquired, so that it could be asserted against all persons, may be lost by non user and abandonment, it would seem that a mere possession without claim of title might be relinquished, so that any third person, who should afterwards be found in possession, would not be answerable to such prior occupant, upon the mere evidence of the prior occupation.

A disseizin, it is said, may be purged by the disseizor's abandonment of the possession. 15 *Mass.* 499, *Small* vs. *Procter.* Of course the disseizor, after he had abandoned the possession, might well disclaim. How, upon the same state of facts under which he might disclaim, could he sustain a writ of entry against one who had entered subsequent to him?

Clearly the demandant cannot treat one to whom he has relinquished his possession, nor any subsequent possessor under the latter, as a disseizor. The evidence was improperly rejected, and there must be a                    *New trial.*