The State v. Newton.

The third objection is, that the evidence did not authorize the verdict; but the objection is not supported by the record. The evidence, we think, is in favour of the plaintiff.

The defendant contends that the words are not actionable, and that the judgment should therefore have been arrested; but we are of a different opinion. There is not, it is true, a directly affirmative charge, that the plaintiff had committed forgery; nor was that necessary. If the words were calculated to induce the hearers to suspect that the plaintiff was guilty of the crime, they were actionable; Stark. on Sland. 58; and we think the words in question, taken in connection with the circumstances under which they are alleged to have been spoken, are of that character.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*J. W. Payne*, for the appellant.

*J. G. Marshall* and *A. C. Griffith*, for the appellee.

-----

| 5b | 455 |
|----|-----|
| 133 | 159 |

## The State, for the Use of Congressional Township, &c. *v.* Newton.

The grant, by the act of congress of 1816, of sections numbered sixteen commonly called school sections, is not to the state, but to the inhabitants of the respective townships in which the lands lie.

If, however, the state sue for a trespass on any such land, the declaration, if in the usual form of declarations in trespass *quare clausum fregit*, cannot be demurred to, as the state may have acquired, subsequently to such grant, a sufficient interest in the land to maintain the suit.

· Although the title may come in question in the action of trespass *quare clausum fregit*, it is not essential to the action that it should.

Nov. Term,
1840.

THE STATE
v.
NEWTON.

Wednesday,
December 2.

ERROR to the *La Grange* Circuit Court.

SULLIVAN, J.—The state of *Indiana* brought an action of trespass against the defendant for breaking and entering the close of the plaintiff, and cutting down and carrying away property of great value belonging to the plaintiff. The close upon which the trespass was alleged to have been committed was the 16th section of township numbered 37, &c. in the county of *La Grange*. General demurrer and judgment for the defendant.

The question, whether the state has a right to sue for trespasses committed on the sections numbered sixteen, commonly called *the school sections*, has been discussed in the argument of this cause. It is declared in the act of congress, enabling the people of the *Indiana* territory to form a constitution and state government, &c., approved *April* the 19th, 1816, "that the section numbered sixteen in every township, and when such section has been sold, granted, or disposed of, other lands equivalent thereto and most contiguous to the same, shall be granted to the inhabitants of such township for the use of schools." The grant is, not to the state, but to the inhabitants of the township in which the section lies. By an act of the legislature of this state, approved *Feb.* the 17th, 1838, the inhabitants of each township are incorporated, and to the trustees provided for by that act is given the power to sue, in the corporate name of the township, for any injuries done to school-houses, school-lands, or otherwise. R. S. 1838, p. 530.

We think, however, that this point, although it has been discussed by the counsel, is not made by the pleadings, and we only notice it because it may be useful in the further progress of the cause. Notwithstanding what has been said, the plaintiff, as the pleadings are, should have recovered. The declaration is in the usual form of a declaration in trespass *quare clausum fregit*, and the defendant, by his demurrer, has admitted every thing in it that is well pleaded. There is nothing in the declaration, which forbids the presumption that the state may have acquired such an interest in the lands as to maintain this action. This may have been done in various ways which it is unnecessary to particularize. If the state has not acquired the title, she may have such a right

to the possession as to maintain this suit; for although the title may come in question, it is not essential to an action of this kind that it should. 1 Chitt. Pl. 202. We are therefore of opinion, that the defendant should have pleaded to the declaration, and spread upon the record the facts which he has assumed in his argument.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Howe*, for the plaintiff.

*T. Johnson*, for the defendant.