## Chandler *v.* Walker & *a.*

The *gist* of the action of *trespass quare clausum fregit* is the disturbance of the possession. *Actual* possession without title, or *constructive* possession with title, is sufficient to maintain the action against a wrongdoer.

Chandler *v.* Walker.

Where the possession is open, known, and marked, it is not necessary that the land be inclosed in order to maintain this action against a mere wrongdoer. And a wood-lot, whose boundaries are marked and known, and which is attached to and adjoining a farm, need not be fenced, if occupied as part of the farm, and as belonging to the same.

C., the plaintiff, had, without title, been in possession of a lot of land for thirteen years, part of which was cleared, and the remainder was a wood-lot occupied by him as a part of his farm, from which he cut his wood and timber. The lot was not fenced on that side where the woods were, but there was a spotted line, up to which he cut. *Held*, that this was a sufficient possession to maintain trespass against those who showed no title, or possession, or right of possession, either in themselves or others.

An exception, that the declaration is not broad enough to cover the *locus in quo* will not be considered in this Court when it appears that it was not taken in the court below.

TRESPASS QUARE CLAUSUM, for cutting and carrying away a quantity of timber from lot No. 6, in the second range of lots in Chatham, in the month of January, 1848. Plea, the general issue.

The plaintiff offered evidence tending to show that he had been in possession of said lot, and also of lot No. 7, adjoining the same on the south, for the last thirteen or fourteen years; his buildings being upon lot No. 7.

It appeared that, upon what the plaintiff claimed to be the northerly line of said lot No. 6, there was an ancient spotted line; that on the easterly side of said lot a clearing was made a number of years since, up to and along said line, and that a fence was made upon said line as far as said clearing went, which was about twenty rods, but the fence extended no farther; that said clearing had been occupied as a pasture; that the southerly part of said lot adjoining lot No. 7, was cultivated; and the northwesterly part, where said trespass was committed, was woods; and the evidence tended to show that the plaintiff occupied that portion of said lot, which was not cleared, as a part of his homestead, and as a wood and timber lot belonging to the same, having cut up to said spotted line at different times, for different purposes, during the time that he had lived upon said lots.

The plaintiff offered no paper title to said lots. It appeared,

further, that a son of the plaintiff, forty-five years of age, lived with him upon said lots, having always resided with him from a child; but it did not appear that he had ever done any thing upon said lot except to help his father cultivate the cleared part of it.

The plaintiff's evidence being closed, the counsel for the defendants requested the court to direct a nonsuit, for the reason, that the plaintiff, having no paper title, there was no competent evidence to be submitted to a jury. The court denied the motion.

The defendants then offered evidence tending to show, that said spotted line was not the true north line of lot No. 6; but that it was further south, and south of most of the cutting done by them; but they offered no evidence of title, or of possession, or of right of possession, either in themselves or others.

The defendant's counsel requested the court to charge the jury, that the erecting a part of a line-fence is not a sufficient possession to enable the plaintiff to sustain trespass; that the plaintiff having no paper title, the clearing and cultivating a portion of the lot does not give possession of the residue of the lot, the same being wild, uncultivated land, and not inclosed, and the plaintiff's buildings not being on lot No. 6. The defendant's counsel also requested the court to charge the jury, that should they find for the plaintiff, they must apportion the damages between him and his son, and bring in their verdict for one half.

The court did not so charge the jury; but instructed them that if they found that the plaintiff had been in possession of the *locus in quo* for the preceding thirteen or fourteen years, occupying it as a part of lot No. 6, up to said spotted line, and as a part of his farm, and as a wood and timber lot attached to, and belonging to the same, it would be a sufficient possession to maintain trespass against those who showed no title, or possession, or right of possession, as was the case with the defendants; and that it was not necessary for them to find that there was a fence upon the whole length of said spotted line. The court further instructed the jury, that if they believed the son of said plaintiff lived with him in a subordinate capacity, and did not possess jointly with the plaintiff the *locus in quo*, the damages should

not be apportioned, but the plaintiff should recover for the whole ; but if he was in joint possession with his father of the farm and the *locus in quo*, then they might apportion them.

The jury returned a verdict for the whole amount of the damages ; and the defendants moved to set the same aside, and for a new trial for alleged error in the rulings and decisions of the court. The questions arising upon the motion were reserved, and assigned to this Court for determination.

In the argument of the case as above stated, at the last term of this Court, the defendants' counsel contended that the plaintiff's declaration was not broad enough to cover the *locus in quo*, as the defendants' evidence tended to show that said spotted line was not the true north line of lot No. 6, but the true line was further south, and south of most of the cutting done by them. On motion of the plaintiff's counsel the case was thereupon continued ; and upon application, the following amendment was ordered by the judge who held the court below.

"The defendants did not request the court to instruct the jury upon the point whether the *locus in quo* was in lot No. 6, or in the lot adjoining on the north, nor was any exception taken at the trial because the court did not instruct the jury upon that point.

" No exception was taken at the trial that the plaintiff's declaration was not broad enough to cover the *locus in quo*.

" The point of controversy between the parties was as to the sufficiency of the evidence to make out a possession that would sustain an action independent of any paper title. The plaintiff contended that the evidence offered was sufficient, while the defendants insisted that it was not."

*J. Eastman*, for the plaintiff.

*Hobbs*, for the defendants.

EASTMAN, J. The *gist* of the action of trespass *quare clausum* is the disturbance of the possession. At common law, it is not properly an action to try titles, and the question of title does

not necessarily arise. It may, however, and often does, where the real ownership is in dispute, and it becomes material to show in whom the rightful possession is. In South Carolina and Alabama, the action of trespass is expressly given by statute to try and settle titles to real estate. But where the matter is not regulated by statute, the decision of an action of trespass settles nothing in regard to the title beyond the action tried. Whenever the question of title is not raised, so that there is no conflict as to the true ownership, and no title, possession, or right of possession is shown on the part of the defendant, *actual* possession by the plaintiff, is all that is required to sustain the action. And as against a wrongdoer, — one who has no right whatever to be upon the property, — constructive possession, accompanied with the right, is also sufficient. 1 Chitty's Pleading, 195 ; 5 East, 485 ; *Hall* v. *Davis*, 2 Carr. & Payne, 33 ; *Revett* v. *Brown*, 5 Bingh. 9 ; *State* v. *Newton*, 5 Blackf. 455 ; *Brandon* v. *Grimke*, 1 Nott .& McCord, 356 ; *Read* v. *Shepley*, 6 Verm. Rep. 602 ; *Anderson* v. *Nesmith*, 7 N. H. Rep. 167. In addition to the above authorities, there are numerous others which sustain the same positions ; and the language of courts is substantially the same. We will instance a few of them. "Actual possession *without a legal title*, is sufficient against a wrongdoer." 1 Chitty's Pleading, 196 ; *Graham* v. *Peat*, 1 East, 244 ; *Chambers* v. *Donaldson*, 11 East, 74 ; *Myrick* v. *Bishop*, 1 Hawks's Rep. 485 ; *Richardson et al.* v. *Murrill et al.* 7 Missouri Rep. 333. This form of action is used for the violation of the plaintiff's possession ; if he be in the actual occupancy he can maintain the action *without* title. *Johnson* v. *McIlwain*, 1 Rice's Rep. 375 ; *Cahoon* v. *Simmons*, 7 Iredell, 189. The plaintiff is bound only to show that the land was in his possession, either actual or constructive, at the time of the alleged trespass. *Dolloff* v. *Hardy*, 26 Maine Rep. 554. And possession alone, although for a less term than twenty years, is sufficient to maintain an action of trespass *quare clausum*, except against one who can exhibit a legal title. *Moore et al.* v. *Moore*, 21 Maine Rep. 35. Possession of land is sufficient to enable a party to maintain trespass against all who can show no better title, and an entry and sur-

vey are sufficient evidence of possession against all who can show no better title. *Wendell* v. *Blanchard,* 2 N. H. Rep. 456 ; *Sinclair* v. *Tarbox,* 2 N. H. Rep. 135 ; *Concord* v. *McIntire,* 6 N. H. Rep. 527. So entirely does this action depend upon the disturbance of the possession, that the owner of land cannot maintain it while the premises are in the actual occupation of the tenant. *Holmes* v. *Seely,* 19 Wendell, 507 ; *Anderson* v. *Nesmith,* 7 N. H. Rep. 167 ; *Robertson* v. *George,* 7 N. H. Rep. 306. Perhaps it may be maintained by the owner where the entry is accompanied with a *permanent* injury to the freehold. *Robertson* v. *George,* 7 N. H. Rep. 306. But for the cutting of grass it can only be maintained by the tenant in possession. *Bartlett* v. *Perkins,* 13 Maine Rep. 87. Actual possession, then, without title, or constructive possession with, is sufficient to maintain this form of action against a wrongdoer.

There is no pretence of title, possession, or right of possession, on the part of the defendants in this case. They stand in the position of mere wrongdoers ; and if they can succeed, it must be because the plaintiff has failed to show himself in possession, either actual or constructive. . Producing no paper title, and showing no legal right of ownership to the property, the plaintiff stands solely upon his possession. Was that such as would give him a right to maintain this suit ? The case finds that lots 6 and 7 were adjoining each other ; No. 6 being the northerly lot, and the plaintiff's buildings being upon lot No. 7. On the north side of No. 6 was an ancient spotted line. The easterly part of that lot was cleared up to and along that line, and a fence made as far as the clearing went. This clearing was occupied as a pasture. The southerly part of this lot was cultivated ; and the northwesterly part, where the trespass was committed, was wood and timber land ; and the jury have found that the plaintiff had occupied that part of said lot for the last thirteen or fourteen years, up to said spotted line as a part of his farm, and as a wood and timber lot attached, and belonging to the same. The lot was not inclosed on the north, except at the easterly end, where the pasture was, but it was occupied for all the ordinary purposes of a farmer's wood-lot, up to a definite and known line, just as much as though

fenced. Whether such an occupancy, had it continued uninterrupted for twenty years, would have been sufficient to have gained title by adverse possession, does not necessarily arise in this case. It appears, however, to have been open, visible, and marked by definite boundaries.

But this controversy is not between parties standing in the same position. This action is not a writ of entry by which the title is to be determined. The plaintiff shows the ordinary and common possession of like property in most instances, while the defendants show no possession or title whatever, either in themselves or others. Many wood-lots are not fenced for a long series of years; and where the possession is known, and marked, and uninterrupted, it is not necessary that the property should be inclosed, in order to maintain an action of trespass *quare clausum* against a mere wrongdoer. Some cases are very direct upon this point. *Catteris* v. *Cowper*, 4 Taunton's Rep. 546, is one of them. In that case, it being proved that the defendant had entered the land and taken the produce, the question was made whether the plaintiff had proved such a possession of the *locus in quo* as would enable him to maintain the action. The *locus in quo* was a piece of waste land lying between the farm which the plaintiff rented, and the river Ouse. It bore grass, which every one cut who pleased, until within two years before the action; and the plaintiff's only title was, that two years before he had taken possession, and twice mowed the grass, and had since pastured a cow there. The defendant's testimony was, that the first time the plaintiff cut the grass he boasted that he had cut hay off of land for which he paid neither rent nor taxes; that in a former year the plaintiff bought the hay cut by another man off from this same land; and that a few years before the trial, in repairing the boundary-fence of his farm, he excluded, by his fence, the land in question, and had frequently shown to other persons the boundaries of his farm as excluding this land. The court held the defendant's evidence insufficient to disprove the plaintiff's title, and that there was sufficient evidence of possession on the part of the plaintiff to maintain the action against a wrongdoer. The marginal note to this case is as follows:

Chandler *v.* Walker.

"Mere prior occupancy of land, however recent, gives a good title to the occupier, whereupon he may recover as plaintiff, against all the world except such as can prove an older and better title in themselves." In *Barnstable* v. *Thatcher et al.* 3 .Metcalf, 239, it was held, that an entry upon a piece of waste cranberry land, and putting up stakes about it, and notices upon the stakes that possession had been taken, was a sufficient possession, without any other title, to maintain trespass, except against the right owner, or the person having the prior right of possession. And it is further said, in that case, that "to maintain an action of trespass, it is not necessary to have such a possession as amounts in law to a disseisin." To the same effect is *Cook* v. *Rider*, 16 Pick. 186. In *Townsend* v. *Kerns et al.* 2 Watts, 180, it is said, that trespass is emphatically an action founded on possession, and the defendant cannot rely upon the plaintiff's want of title. In *Machin* v. *Geortner*, 14 Wendell, 239, the plaintiff proved that he occupied the *locus in quo* as a wood-lot, cutting thereupon his wood, and rails for fencing, and some saw-logs; but the lot was not fenced, nor was there any clearing upon it, nor did he produce any title to it. The defendant thereupon moved for a nonsuit, because the plaintiff had failed to prove himself in *actual* possession of the *locus in quo.* The motion was overruled; the court holding, that proof that the premises were used as a wood-lot, was sufficient evidence of actual possession to maintain the action against a person showing no rights. And in *Penn et al.* v. *Preston*, 2 Rawle, 14, the court say, "possession of a farm, draws to it the possession of the woodland belonging to it, *though not inclosed;* and the party in possession may maintain trespass against a wrongdoer for destroying timber on such woodland."

Looking, then, at the nature of this form of action, the purposes for which it is used, and the authorities upon the subject, as applicable to the facts presented in this case, we cannot doubt that the rulings of the court below, and the instructions given to the jury, were correct.

In examining the case, we have not considered the question whether the declaration was broad enough to cover the *locus in*

24 *

---
Chandler *v.* Walker.
---

*quo,* or not, because that question, not being raised at the trial, but it appearing that the case was tried mainly upon the fact of possession, it is too late to take that exception now. If an objection on account of variance between the declaration and the proof be not taken at the trial, it will be considered as waived. *McConihe* v. *Sawyer,* 12 N. H. Rep. 396:

*Judgment on the verdict.*