## JONES *v.* MERRIMACK RIVER LUMBER CO.

An entry upon land, for the purpose and with an offer to sell it, made by one having a deed of the same, under which he claims, gives the person so making the entry seizin and title as against all persons not showing an elder and a better, although no lines were marked, nor other traces or monuments of the entry, left.

W. entered in 1836, under a deed, and in 1847, conveyed the land, with warranty, to F. & N., who, in 1851, conveyed to the defendants, who entered. The court will not presume an abandonment of the seizin so acquired by W., in favor of a party who had made improvements upon the lot, claiming it under a deed and residing upon it for twelve years, whose possession was later than that of W.

A title, acquired by mere possession, may be lost by abandonment. But the question of abandonment is one of fact, to be found by the jury under instructions.

It is no objection to a deposition that the witness was asked and testified who was in possession of the land in controversy, at a time indicated, if he, in the sequel of the deposition, point out particular acts of possession, by way of explaining and limiting the general statement.

TRESPASS, for breaking and entering lot No. 17, in the 11th range in the town of Woodstock, and cutting down and carrying away three hundred spruce trees.

The plaintiff gave in evidence a deed, dated March 20, 1830, from Timothy Bois, acknowledged March 30, 1853, and recorded February 22, 1854, quitclaiming said lot to the plaintiff.

He also introduced evidence tending to prove a possession of this lot for the last twelve years. For this purpose the deposition of William H. Gordon was read, which contained the following interrogatories and answers:

*Int.* 4. When you first knew this lot, state if you know who was in possession of it?

*Ans.* Mr. Jones, the plaintiff.

*Int.* 5. What did he do on this lot?

*Ans.* He fell a few acres trees and built a house on it; he cleared it up and raised crops for several years.

The defendants' counsel did not seasonably appear at the

time notified for the taking, and the deposition was written before his arrival; but it was left open for a cross-examination until after his arrival, but no questions were put by him, and no exception was then taken to the questions which had been asked and answered. At the trial, however, the fourth interrogatory and answer were objected to, on the ground that what constituted a possession is a question of law, but the objection was overruled and the defendants excepted.

The defendants proved the following deeds of this lot:

1. Deed from Benjamin N. Barron, collector, to Thomas Walker, dated April 4, 1812, acknowledged the 13th of April, 1812, and recorded June 18, 1812. No other evidence was offered in support of the tax title.

2. A quitclaim deed from Thomas Walker to Samuel H. Walker, dated March 29, 1828, acknowledged May 30, 1829, and recorded November 29, 1829.

3. Deed of warranty from Samuel H. Walker to Fisk & Norcross, dated December 10, 1847, acknowledged the same day, and recorded December 14, 1847.

4. Deed from Fisk & Norcross to the defendants, dated January 8, 1851, acknowledged the same day, and recorded January 20, 1851.

The defendants also proved that, in 1836, Samuel H. Walker entered the lot from the east side, and went about one half the distance across it, with three other persons, to one of whom he proposed to sell it, and for that reason had taken him upon the lot. The defendants had no other proof that Walker took or retained possession, or that he subsequently claimed the lot, than what appears in this case. The court were of opinion that the mere entry and offer to sell, in 1836, no lines being marked and no traces being left behind, was not a valid and controlling possession against an actual occupation for twelve years, and instructed the jury, if they believed the plaintiff's evidence, to find a verdict in his favor, but subject to the opinion of this court. Thereupon, by consent of parties, a verdict was returned

for the amount claimed in the writ, but subject to be re-
duced to such sum as may be found by an auditor, in case
a new trial should not be ordered.

*Leverett, Bellows* and *Quincy,* for the defendants.

The action is trespass *quare clausum.* The plaintiff
shows no paper title, nor color of title. His deed from
Timothy Bois, March 20, 1830, is a mere release of the in-
terest that Bois had, and Bois is not shown to have had any
interest or possession. It, therefore, was no color of title.
*Woods* v. *Banks,* 14 N. H. Rep. 101.

The plaintiff's possession must be confined to his actual
occupancy; it did not appear that he claimed beyond what
he actually occupied.

The defendants' grantor, Samuel H. Walker, in 1836,
entered under color of title. The deed from the collector of
the town assumed to convey the land—the whole title—and
contained a full covenant of warranty. That was conveyed
to Samuel H. Walker by Thomas Walker, and was color
of title. *Minot* v. *Brooks,* Grafton county, Dec. 1844.

The entry of Samuel H. Walker then gave him seizin of
the whole lot, upon which he might maintain a writ of en-
try against a stranger to the title, or one who had made a
subsequent entry. *Wendell* v. *Blanchard,* 2 N. H. Rep.
456; *Woods* v. *Banks,* 14 N. H. Rep. 101; *Cobleigh* v.
*Young,* 15 N. H. Rep. 493; *Smith* v. *Lorillard,* 10 Johns.
339, 354; *Leverett* v. *Walker,* Grafton county.

Here was no abandonment of the defendants' seizin, noth-
ing from which a legal presumption would arise that the
defendants' possession was relinquished. He was in under
color of title, and had all the possession that would be ex-
pected from the nature of the case. *Wendell* v. *Blanchard,*
2 N. H. Rep. 456; *Woods* v. *Banks,* 14 N. H. Rep. 101;
*Pickard* v. *Bailey,* 6 Foster's Rep. 153; 1 Greenl. Ev. 542;
*Brown* v. *King,* 5 Met. 173.

*N. B. Bryant*, for the plaintiff.

Woods, C. J.   Neither party shows any other title to the land than possession only.

Samuel H. Walker, under whom the defendants derive their title, entered upon the lot in 1836, and offered to sell it to a person who accompanied him in the entry.   At that time he held a deed of it, executed to him by Thomas Walker, who held a deed of the lot from Barron, a collector of taxes.   Walker then made an entry upon the lot, exercising the right of an owner, and offering, as owner, to sell the lot.   That was a distinct assertion of title to the land, and can bear no other construction whatever.   He entered the lot with a deed of it, and claiming it under and by force of the conveyance.   His claim must, therefore, be regarded as co-extensive with the deed under which he claimed.   *Riley* v. *Jameson*, 3 N. H. Rep. 27; *Jackson* v. *Wheat*, 18 Johns. 40; *Jackson* v. *Ellis*, 13 Johns. 118; 4 Mass. Rep. 418.

His deed purported to convey to him the entire lot, and his claim, therefore, embraced the whole lot when he entered.

Such entry and claim constituted a sufficient seizin and title in Samuel H. Walker as against any one not showing an older or better title; and so also in the defendants, who now hold all that he acquired in the land.   *Lund* v. *Parker*, 3 N. H. Rep. 50.

The entry of the plaintiff was subsequent to that of Walker, and was, like his, under a deed marking the extent of his claim.   But that of itself did not give the plaintiff a sufficient title as against the defendant's elder possession and claim.

And we think that the mere fact that there were no lines marked by Walker on the lot, and no traces or monuments left by him, indicating his entry and claim, could not make any difference as to his rights acquired by the entry and possession.   And we are of the opinion that such entry, claim and possession as are shown on the part of Walker,

and the continued claim made in that chain of title, as is denoted by the deed of warranty from him to Fisk & Norcross, and by the deed from Fisk & Norcross to the defendants, must be regarded as giving a good and valid title as against the plaintiff, upon all the facts stated in this case.

The title of each party is derived, as we have seen, from mere possession, under deeds of no validity and of no use, excepting to mark the extent of their several claims. The defendants showed in those under whom they claim, the older possession under deeds and with claim of title. That gives the defendants a good title against the plaintiffs, until their possession and claim are shown to have been abandoned. *Wendell* v. *Blanchard*, 2 N. H. Rep. 456. A title, acquired by possession merely, may, however, be lost by abandonment of it. Such a title may be surrendered to another, by mere abandonment or surrender of possession, in favor of that other. *Blaisdell* v. *Martin*, 9 N. H. Rep. 253, and cases there cited. But the question whether Walker or the defendants have ever abandoned the title acquired by Walker's entry and claim, has not been tried; and there is not enough upon this case from which the court can find and determine that, as matter of law.

Upon the facts disclosed by the report of the judge in this case, it is the opinion of the court that the defendants have the better title, and that the verdict should be set aside for error in the ruling.

The objection to the fourth interrogatory in the deposition of William H. Gordon, seems not to be well founded. It was one that might well have let in a full account of what the witness knew relating to the possession; and although, if the evidence had stopped with the answer which was given to it, there might have been some question as to its competency or sufficiency; yet the sequel of the deposition seems to remove all such cause of exception. The witness has stated, indeed, that the plaintiff was in possession. But he has proceeded to explain his meaning in a

manner that has made the statement unequivocal, and confined it to matters strictly proper and relevant.

The verdict must be set aside and a

*New trial granted.*